UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD WILLIAMS<br><br>    Plaintiff,<br><br>v.<br><br>MEDICREDIT, INC.<br><br>    Defendant. | CIVIL ACTION<br><br>COMPLAINT 1:17-cv-06994<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** RONALD WILLIAMS ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, Medicredit, Inc. ("Defendant," or "MCI") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

**PARTIES**

5. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Illinois.

6. Defendant MCI is a Missouri corporation with its principal place of business located at One Park Plaza, Nashville, Tennessee 37203. Defendant's registered agent in Illinois is C T Corporation System located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Illinois.

**FACTS SUPPORTING CAUSE OF ACTION**

7. Prior to the events that give rise to this cause of action, Plaintiff received treatment at Loyola Medical Center ("Loyola") and incurred debt ("subject debt") as a result.

8. Plaintiff subsequently defaulted on the subject debt.

9. Plaintiff *never* provided his cellular telephone number to MCI or otherwise expressly consented to MCI's phone calls.[1]

10. On or about August 25, 2017, Plaintiff answered a phone call placed by MCI. During this call, a representative of MCI introduced herself as a representative of Loyola, rather than properly identifying herself as an MCI agent, seeking to update Plaintiff's file. The MCI agent requested that Plaintiff provide his name, address, and Social Security number.

11. Believing that MCI's representative was actually a Loyola agent because of her assertion, Plaintiff provided his personal and private information.

---

[1] Upon information and belief, MCI obtained Plaintiff's cellular telephone number from a credit report in which MCI accessed through a method known as "skip-tracing," whereby debt collectors obtain phone numbers by conducting inquiries upon consumer credit reports or other public record searches.

2

12. Only after Plaintiff provided his Social Security number did the MCI agent reveal her true identity as an MCI agent.

13. Upset by MCI's blatant lie in order to gain such sensitive information, Plaintiff contacted Loyola to ascertain the reason as to MCI's call.

14. The Loyola representative with whom Plaintiff spoke insisted that Loyola makes no such outgoing calls to patients in order to obtain Social Security numbers.

15. The true reason for MCI's call was to pose as Loyola in order to facilitate collection of the subject debt.

16. MCI intentionally harassed and abused Plaintiff into providing sensitive information with the intent to collect upon the subject debt.

17. Moreover, MCI failed to send Plaintiff the required validation notice within 5 days of its initial communication to Plaintiff pursuant to §1692g informing Plaintiff of his right to dispute the validity of the subject debt.

18. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel MCI to cease its unlawful conduct, thus incurring costs and expenses.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff restates and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

21. Upon information and belief, the alleged debt that MCI was attempting to collect arose primarily for family, personal or household purposes, and thus is an alleged "consumer debt" as defined by FDCPA §1692a(5).

22. MCI is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

23. MCI's telephone communication to Plaintiff was made in connection with a collection of an alleged debt.

24. MCI used telephones to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

25. MCI violated 15 U.S.C. §§1692d, e, e(10), e(11), e(14), f, g, g(a)(1), g(a)(2), g(a)(3), g(a)(4), and g(a)(5) through its unlawful collection practices.

    a. **Violations of FDCPA §1692d**

26. MCI violated §1692d by engaging in abusive, harassing, and oppressive conduct by calling Plaintiff's cellular phone seeking to gather Plaintiff's sensitive and private information through blatant lies. MCI's abusive tactics caused Plaintiff to divulge his Social Security number which he would not have provided had MCI revealed its true identity.

    b. **Violations of FDCPA §1692e**

27. MCI violated §1692e when it falsely and deceptively misrepresented its true identity in order to collect the subject debt. Plaintiff gave the requested information to MCI after MCI lied about its identity, believing MCI to be Loyola.

28. MCI violated §1692e(10) when it falsely and deceptively lied about its true identity to secure Plaintiff's personal information including, but not limited to, his Social Security number.

29. MCI violated §1692e(11) by failing to disclose its identity as a "debt collector" as required by the FDCPA in the phone call it placed to Plaintiff's cellular phone prior to lying about its identity in order to coerce Plaintiff into providing his Social Security number.

30. MCI violated §1692e(14) when it falsely stated its name as Loyola in order to gain private information about Plaintiff

### c. Violation of FDCPA §1692f

31. Defendant violated §1692f in that Defendant used unfair and unconscionable means to collect the alleged debt by calling Plaintiff's cellular phone attempting to dragoon Plaintiff into paying a debt through deceptive practices.

### d. Violation of FDCPA §1692g

32. MCI violated §1692g by failing to send Plaintiff the required 30-day validation notice within 5 days of its initial communication informing Plaintiff of 1.) g(a)(1) the amount of the debt, 2.) g(a)(2) the name of the creditor to whom the debt is owed, 3.) g(a)(3) Plaintiff's right to dispute the debt within 30 days, 4.) g(a)(4) Plaintiff's right to have verification of the debt or a judgment mailed to him, and 5.) g(a)(5) Plaintiff's right to have the name and address of the original creditor mailed to him if different from the original creditor.

33. Upon information and belief, MCI systematically attempts to collect alleged debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

34. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff RONALD WILLIAMS requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

35. Plaintiff restates and reallages paragraphs 1 through 18 as through fully set forth herein.

36. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

37. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

38. MCI's collection efforts towards Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

39. MCI is engaged in commerce in the State of Illinois with regard to Plaintiff and the subject debt. Defendant specializes in debt collection, which is an activity within the stream of commerce and utilized in its regular course of business.

40. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to mislead Plaintiff into believing that it was truly Loyola that was calling him in order to coerce Plaintiff into divulging his private and sensitive personal information.

**a. Unfairness and Deception**

41. It was unfair and deceptive for Defendant to seek to collect an alleged debt from Plaintiff through unconscionable lies attempting to induce him into providing his Social Security number among other private information.

6

42. It was unfair for MCI to openly deceive Plaintiff into providing personal information by concealing its true identity.

43. It was unfair and deceptive for MCI to fail to disclose its identity as a debt collector during the phone call in which Plaintiff answered.

44. It was unfair and deceptive for MCI to call Plaintiff's cellular phone without substantiating the true reason it was calling Plaintiff.

45. Defendant's unfair conduct is inherently oppressive as Plaintiff had no choice but to submit to the harassing phone call to his cellular phone.

46. Moreover, MCI's unfair conduct is against public policy because it needlessly subjects consumers to unsolicited calls, resulting in a significant harm in the form of invasion of privacy and nuisance.

47. Upon information and belief, MCI systematically places unsolicited and harassing phone calls to consumers in Illinois in order to aggressively collect alleged debts in default or assumed to be in default to increase its profitability at the consumers' expense.

48. Upon information and belief, placing unsolicited and harassing phone calls to Illinois consumers is an unfair business practice willfully employed by Defendant and is done on a large scale.

49. Moreover, MCI's conduct in concealing its true identity in order to gain private information is harmful to Illinois consumers as a whole.

50. Additionally, MCI's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over businesses that collect debts lawfully (companies who legally collect debts, as authorized, and who lawfully provide their true identity during debt collection practices).

51. As alleged above, Plaintiff was substantially harmed by MCI's misconduct.

52. An award of punitive damages is appropriate because MCI's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to MCI's deception.

**WHEREFORE**, Plaintiff RONALD WILLIAMS requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant;
b. Award Plaintiff his actual damages in an amount to be determined at trial;
c. Award Plaintiff his punitive damages in an amount to be determined at trial;
d. Award Plaintiff his reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: September 28, 2017

**Respectfully Submitted,**

/s/ Marwan R. Daher
Marwan R. Daher, Esq. ARDC#6325465
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 ext. 109
mdaher@sulaimanlaw.com

/s/ Omar T. Sulaiman
Omar T. Sulaiman, Esq. ARDC#6322837
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 ext. 108
osulaiman@sulaimanlaw.com